IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN THIBODEAUX, | ) | |
| Administrator of the Estate of Peter | ) | |
| Thibodeaux, deceased | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:08-cv-402-MEF |
| | ) | |
| PACCAR, INC., *et al.*, | ) | (WO - Recommended for publication) |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiff's Motion to Remand (Doc. #10) filed on June 16, 2008. This lawsuit was originally filed in the Circuit Court of Macon County, Alabama. Defendant Paccar, Inc. ("Defendant") removed this case to this Court pursuant to 28 U.S.C. § 1332(a) under diversity jurisdiction theory. Plaintiff Stephen Thiboxeaux ("Plaintiff") filed a motion to remand, arguing that the amount in controversy requirement of 28 U.S.C. § 1332(a) was not satisfied. For the reasons set forth in this Memorandum Opinion and Order, the Court finds that the Motion to remand is due to be GRANTED.

**FACTUAL AND PROCEDURAL BACKGROUND**

This is a product liability case arising out of a motor vehicle accident in Macon County, Alabama on November 23, 2007, which claimed the life of a Texas citizen named Peter Thibodeaux. The Administrator of his estate brought suit against the manufacturer of the vehicle, Defendant, a corporate citizen of Delaware and Washington.

Defendant filed a Notice of Removal (Doc. #1) on May 29, 2008. It argued that this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a). Defendant argued that the amount in controversy in the case exceeds $75,000 exclusive of interest and costs. Defendant acknowledged that the Complaint does not contain a specific damage request, but noted that Plaintiff sought damages allowable under Alabama's Wrongful Death Act in an amount to be determined by a jury. Defendant asserted that other Alabama courts have routinely entered wrongful death verdicts in excess of $75,000 in product liability claims. In support of this conclusion, Defendant listed numerous cases from various courts within Alabama that resulted in plaintiff's verdicts in wrongful death cases that exceeded $75,000. Defendant also offered evidence that it mailed Plaintiff an offer of judgment for $76,000 on June 23, 2008, which Plaintiff did not accept.[1] Finally, Defendant argues generally that the nature of this case makes it obvious that the amount in controversy required for diversity jurisdiction must be exceeded.

---

[1] Defendant argues Plaintiff's failure to accept an offer of judgment is evidence of the amount in controversy. The Court finds this argument unpersuasive. In limited circumstances, a district court may consider post-removal evidence in assessing removal jurisdiction. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). However, a court may only consider the post-removal evidence in determining whether the jurisdictional amount was satisfied *at the time of removal*. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Here, Defendant filed a Notice of Removal on May 29, 2008. It mailed Plaintiff an offer of judgment on June 23, 2008, almost a month later. Plaintiff's response, or non-response, does not provide evidence the amount of controversy on May 29, 2008. Furthermore, the Eleventh Circuit requires unambiguous evidence that a case is removable. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1219, n.63 (11th Cir. 2007). Plaintiff's rejection of an offer of judgment is not unambiguous evidence that the amount in controversy exceeds $75,000.

## DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

Among the cases over which a federal district court may exercise subject matter jurisdiction are civil actions in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount, currently *in excess of $75,000*, is met. *Id.*

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). *Accord, Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1207 (11th Cir. 2007) ("the party seeking a federal venue must establish the venue's jurisdictional requirements" and therefore removing defendants bear that burden in the context of a motion to remand). However, the non-moving party may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). Because

removal jurisdiction raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

In *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), the Eleventh Circuit Court of Appeals held that in cases, such as this one, where the complaint does not specify the amount of damages sought, "the removing party bears burden of establishing the jurisdictional amount by a preponderance of the evidence." *Id* at 1208-09, 1210. The Court cautioned, however, that "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." *Id.* at 1215. Neither the defendant nor the court may speculate about the amount in controversy. *Id.* (stating that "the existence of jurisdiction" may not be "divined by looking to the stars"). In addition, the *Lowery* court specifically rejected a removing defendant's attempt to satisfy its burden of proving amount in controversy by reliance on jury verdicts in other supposedly similar cases. *Id.* at 1189, 1220-21. Other district courts have also held that the nature of a claim in of itself is not sufficient to conclusively establish the amount in controversy. *See Yates v. Medronic*, No. CA 08-0337-KD-C, 2008 WL 4016599, at *11 (S.D. Ala. Aug. 26, 2008) (rejecting Alabama wrongful death product liability cases cited by defendants as improper evidence under *Lowery* of jurisdictional amount); *Spivey v. Fred's, Inc.*, 554 F.

Supp. 2d. 1271, 1274 (M.D. Ala. 2008) (recognizing that *Lowery* narrowed the scope of evidence a court may considering in its jurisdictional inquiry); *Moore v. N. Am. Sports, Inc.*, No. 5:08-CV-343, 2008 WL 5157502, at *2 (N.D. Fla. 2008) (stating that "the nature of the [wrongful death] claim is insufficient to conclusively establish the amount in controversy"). In *Siniard v. Ford Motor Co.*, 554 F. Supp. 2d 1276, 1279 (M.D. Ala. 2008), this Court found under *Lowery* that evidence other Alabama courts have entered wrongful death verdicts in excess of $75,000 in product liability claims was insufficient to establish the jurisdictional amount.

Here, Defendant argues that the amount in controversy in this case exceeds $75,000 exclusive of interests and costs because Plaintiff is seeking damages under Alabama's Wrongful Death Act in an amount determined by a jury. Under *Lowery*, a removing defendant may not prove amount in controversy by relying upon jury verdicts in similar cases. Furthermore, the measure of damages in an Alabama wrongful death claim is not the value of human life but rather the wrongfulness of the defendant's conduct. *See* Al. Pattern Jury Instructions Civil § 11.18 (2007) (stating that in a wrongful death case "the amount of damages should be *directly related* to the amount of wrongdoing on the part of the defendant. In assessing damages, [the jury] is not to consider the monetary value of the life of the decedent.") (emphasis added). The only damages recoverable, therefore, are those related to the defendant's conduct and culpability. There is no evidence of Defendant's culpability before the Court. Because Defendant has not

5

satisfied by a preponderance of the evidence that the jurisdictional amount has been met, the Court must grant Plaintiff's motion and remand the case back to state court.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

(1) Plaintiff's Motion to Remand (Doc. #10) is GRANTED;

(2) This case is REMANDED to the Circuit Court of Macon County, Alabama;

(3) The Clerk is DIRECTED to take appropriate steps to effect the remand;

(4) All motions other than the Motion to Remand are left for resolution by the Circuit Court of Macon County after remand.

DONE this the 6th day of January, 2009.

                                          /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE